UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20105-BLOOM/Otazo-Reyes

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

v.

AMERICAN FAMILY CONNECT PROPERTY
AND CASUALTY INSURANCE COMPANY
f/k/a IDS PROPERTY CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant American Family Connect Property and Casualty Insurance Company's Motion to Dismiss the Amended Complaints, ECF No. [8], filed on January 18, 2023. Plaintiff MSP Recovery Claims, Series LLC filed a Response, ECF No. [12], to which Defendant filed a Reply, ECF No. [15]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

Between November 7 and November 9, 2022, Plaintiff filed at least four cases against Defendant in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On November 23, 2022, Plaintiff filed an Amended Complaint in each of the four cases. *See, e.g.*, ECF No. [1-2] at 56.

Case No. 23-cv-20105-BLOOM/Otazo-Reyes

On January 11, 2023, Defendant removed the four cases to federal court, where they were assigned case numbers 23-cv-20105, 23-cv-20106, 23-cv-20118, and 23-cv-20120. The Court consolidated the four cases, designating 23-cv-20105 as the lead case. *See* ECF Nos. [6], [13].

The four Amended Complaints are nearly identical. Each asserts a right to receive Medicare reimbursement payments under Title XVIII of the Social Security Act, 42 U.S.C. § 1395. ECF No. [1-2] at 56-57.[1] Each alleges that Plaintiff has been assigned the right to recover conditional payments made by a Medicare secondary payer,[2] with respect to medical expenses incurred by a Medicare beneficiary, for which Defendant was the primary payer under the Medicare Secondary Payer Act. *Id*. at 56 ¶ 1. Each Amended Complaint asserts three Counts: (I) private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) to recover "an amount double the amount" that Defendant should have reimbursed Plaintiff's assignor; (II) breach of contract; and (III) declaratory judgment. *Id*. at 64-67.

The Amended Complaints differ only with respect to the name of the underlying Medicare beneficiary, the nature of the beneficiary's medical expenses, and the amount of reimbursement sought from Defendant. *See* ECF No. [1-2] at 64 (asserting $1,979.76 owed in reimbursement for medical payments made on behalf of M.M.); Case No. 23-cv-20106 ($3,690.00 for payments relating to C.W.); Case No. 23-cv-20118 ($3,015.75 for payments relating to A.L.); Case No. 23-cv-20120 ($844.15 for damages relating to H.L.).

---

[1] The Court follows the parties' convention of citing to a single Amended Complaint, since the allegations within all four Amended Complaints mirror one another such that the paragraph citations are always identical. *See* ECF No. [12] at 3 n.2.

[2] Plaintiff alleges that the assignment agreement between Plaintiff and its assignor "contains a provision requiring [Plaintiff]'s assignor to remain confidential." ECF No. [1-2] at 62 n.4. Plaintiff promises to disclose the assignor's identity under seal at the appropriate time. *Id*.

On January 18, 2023, Defendant filed the instant Motion to Dismiss.[3] ECF No. [8]. Therein, Defendant argues that (A) Plaintiff lacks standing; and (B) Plaintiff has failed to state a claim for relief. *Id*. at 10. Plaintiff contests Defendant's arguments and opposes dismissal. ECF No. [12].

## II.     LEGAL STANDARD

### A.  Standing

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be based upon either a facial or factual challenge to the complaint. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In addressing a facial attack, the court merely looks to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the complaint's allegations are accepted as true. *See id.*

To establish subject matter jurisdiction, a plaintiff must allege he or she has standing, which consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*,. 578 U.S. 330, 338 (2016) (citations omitted). "To establish injury in fact, a plaintiff must demonstrate he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

---

[3] Defendant's original Motion was only directed to the Amended Complaints in Case Nos. 23-cv-20105, 23-cv-20106, and 23-cv-20120, because Case No. 23-cv-20118 had not yet been consolidated. In its Reply, which was filed after that consolidation, Defendant clarifies that its Motion is additionally directed against the Amended Complaint within Case No. 23-cv-20118. ECF No. [15] at 3 n.1. Given that the four Amended Complaints are substantively identical for the purposes of Defendant's Motion, and Plaintiff's lack of objection, the Court will consider the Motion to be directed against all four Amended Complaints.

### B. Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court "must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019) (citations omitted).

### III. DISCUSSION

### A. Standing

"Under the Medicare Secondary Payer Act, an assignee has standing to sue if '(1) its ultimate assignor suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned.'" *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020) (cleaned up) (quoting *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019)). Defendant argues that the Amended Complaints do not sufficiently

plead a valid assignment, and do not plead that the purported assignor suffered an injury-in-fact. *Id*. at 6-9.

In each of the Amended Complaints, Plaintiff alleges that, on December 23, 2021, Plaintiff's assignor "entered into a Claims Assignment Agreement" in which Plaintiff's assignor "assigned all rights to recover payments made on behalf of its members/enrollees[.]" ECF No. [1-2] at 7 ¶ 30. Although Plaintiff has not provided the Assignment Agreement in full,[4] Plaintiff has provided an excerpt that describes the scope of the assignment. *Id.* ¶ 30. Plaintiff alleges that its assignor is a Medicare secondary payer that made payments on behalf of the four beneficiaries, and the assignor was entitled to reimbursements for those payments from Defendant under the MSP Act. *Id.* ¶¶ 1, 12, 16-17. Plaintiff has specified the nature of the medical services that Plaintiff's assignor paid, the dates those payments were made, and the amount of the payments. *Id.* ¶¶ 13-17. Plaintiff's allegations suffice "to show it suffered an actual injury traceable to Defendant's conduct." *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-cv-20887-ALTONAGA, 2021 WL 720339, at *2 (S.D. Fla. Feb. 4, 2021); *accord MSP Recovery Claims, Series LLC v. United Services Auto. Assoc.*, No. 20-cv-21530-GAYLES, 2021 WL 861314, at *5 (S.D. Fla. Mar. 8, 2021).

Accordingly, Plaintiff has adequately alleged standing.

### B. Sufficiency of the Claims

Having concluded that Plaintiff has standing, the Court turns to analyzing the sufficiency of Plaintiff's allegations under Rule 12(b)(6).

---

[4] In a footnote to its Motion, Defendant argues that the Amended Complaints are deficient for not including the relevant assignments as attachments. ECF No. [8] at 7 n.5. The Court has previously rejected this argument. *MSP Recovery Claims, Series LLC v. Amerisure Insurance Co.*, No. 17-cv-23961-ALTONAGA, 2021 WL 1711684, at *6 (S.D. Fla. Apr. 15, 2021). Defendant has given the Court no reason to reconsider that decision.

    **i.**  **Count I**

Count I asserts a private cause of action under the Medicare Secondary Payer Act ("the MSP Act"), 42 U.S.C. § 1395y(b)(3)(A). The MSP Act's "private cause of action permits an award of double damages when a primary plan fails to provide for primary payment or appropriate reimbursement." *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1239 (11th Cir. 2016) (citing 42 U.S.C. § 1395y(b)(3)(A)). The Eleventh Circuit "has distilled the § 1395y(b)(3)(A) private cause of action into three elements. A plaintiff must plead: '(1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount.'" *MSP Recovery Claims, Series LLC v. Metropolitan Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022) (quoting *Humana*, 832 F.3d at 1239).

Defendant primarily attacks the second required element: "the defendant's failure to provide for primary payment or appropriate reimbursement." *Humana*, 832 F.3d at 1239. "As for that element, the would-be primary payer's responsibility must be 'demonstrated' in some way prior to the suit for reimbursement." *Metropolitan*, 40 F.4th at 1302. One way to demonstrate such a responsibility is by "showing that the primary plan had a contractual obligation to pay[.]" *Id.* at 1303. "[I]t is sufficient at the motion to dismiss stage to allege there is a contractual obligation that renders Defendant[ ] responsible for primary payment of the expenses at issue[.]" *Id.* at 1304 (quotation marks omitted).

Here, Plaintiff's Amended Complaints allege that Defendant had issued no-fault policies to the underlying beneficiaries, rendering Defendant the primary payer for those beneficiaries' medical expenses arising from the accidents that befell the beneficiaries. ECF No. [1-2] at 60 ¶¶ 18-20. While Plaintiff will certainly "need to later present evidence in support of th[ose]

allegation[s],"  Plaintiff's allegations regarding Defendant's primary payer status are sufficient at this motion to dismiss stage. *Metropolitan*, 40 F.4th at 1304; *see also MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1362–63 (11th Cir. 2016) ("[A] plaintiff suing a primary plan under the private cause of action in the MSP Act may satisfy the demonstrated responsibility prerequisite by alleging the existence of a contractual obligation to pay.").

Defendant additionally argues "Plaintiff was required to plead facts demonstrating that: specific bills were sent to [Defendant] for treatment of an insured; the treatment was reasonable and necessary in relation to the injuries suffered in an alleged accident; [Defendant] should have paid the bills but did not; Plaintiff's assignor reasonably concluded that [Defendant] would not promptly pay the bills, and the assignor then paid the bills; notice of the secondary payments was provided to [Defendant] as required by applicable regulations, but [Defendant] still refused to pay the assignor or Plaintiff." ECF No. [8] at 11 (citing *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006)). The Court agrees with Plaintiff that Defendant is essentially arguing for a heightened pleading standard, which this Court has consistently rejected in this context. *United Auto. Ins. Co.*, 2021 WL 720339, at *6 (citing cases that reject similar "proposed heightened pleading requirements").

Plaintiff has sufficiently alleged all three elements of the § 1395y(b)(3)(A) private cause of action. *Metropolitan*, 40 F.4th at 1302. Accordingly, Defendant's Motion is denied as to Count I.

      ii.    **Count II**

Count II of the Amended Complaints asserts a "direct right of recovery pursuant to 42 C.F.R. § 411.24(e) for breach of contract." ECF No. [1-2] at 65. According to Plaintiff, Defendant violated its contractual obligation to its insureds by failing to pay their medical expenses. *Id.* at 65

¶ 42. Plaintiff alleges that, pursuant to the MSP Act, the right to recover for those expenses was subrogated to Plaintiff's assignor, which in turn assigned that right to Plaintiff. *Id*.

Defendant cites several out-of-district cases for the proposition that the MSP Act does not create an implied right of subrogation to Plaintiff's assignor. ECF No. [8] at 13 (citing *inter alia MSP Recovery Claims, Series LLC v. Tower Hill Preferred Ins. Co.*, No. 1:20-cv-262, 2021 WL 8533679, *4 (N.D. Fla. July 13, 2021)).

However, Plaintiff accurately responds that the Southern District of Florida has consistently rejected Defendant's arguments. ECF No. [12] at 19 (citing *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-cv-20887-ALTONAGA, 2021 WL 720339, at *6 (S.D. Fla. Feb. 4, 2021); *MSPA Claims 1, LLC v. Century Surety Co.*, No. 16-cv-20752-GAYLES, 2017 WL 998282, at *4 (S.D. Fla. Apr. 15, 2021); *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-cv-21583-WILLIAMS, 2020 WL 5984382, at *13 (S.D. Fla. May 12, 2020*), report and recommendation adopted*, 2020 WL 5982020 (S.D. Fla. Oct. 8, 2020). Indeed, this Court in *Covington* thoroughly considered the specific arguments raised by Defendant and found them meritless. 2020 WL 5984382, at *12-13. For the reasons stated therein, the Court again rejects Defendant's arguments.

As the Court has repeatedly concluded, Plaintiff's "allegations are sufficient to state a claim for a subrogated breach of contract arising from a failure to reimburse conditional payments under the MSP act." *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-cv-23961-ALTONAGA, 2021 WL 1711684, at *2 (S.D. Fla. Apr. 15, 2021) (citing cases). Defendant's Motion is denied as to Count II.

### iii.     Count III

In Count III of its Amended Complaints, Plaintiff seeks a declaration that "Defendant has a historical, present, and continuing duty to reimburse [Plaintiff]'s assignor for unreimbursed conditional payments." ECF. No. [1-2] at 67 ¶ 52. Defendant argues that this claim should be dismissed because it is duplicative of Count I. ECF No. [8] at 14.

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. A district court's ability to grant relief under the Act is permissive, and while the Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citation omitted). The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment[.]" *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citation omitted). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Here, Defendant correctly points out that Counts I and III of the Amended Complaints are "based on the same underlying allegations, and will both be determined based on the same legal standard . . . and determination of Count [I] will necessarily resolve the issues raised in Count [III]." ECF No. [8] at 15. Plaintiff does not meaningfully respond to this argument. *See* ECF No. [12] at 20-22. Rather, Plaintiff argues that its Count for declaratory relief properly raises a justiciable controversy concerning Defendant's duty to pay. *Id*.

Case No. 23-cv-20105-BLOOM/Otazo-Reyes

Plaintiff's argument is misplaced. The issue is not whether Count III raises a justiciable issue, but whether it is wholly duplicative of Count I. The Court agrees with Defendant that Count III serves no useful purpose because the issues raised therein will be fully resolved by Count I. In such circumstances, dismissal of the duplicative declaratory judgment count is appropriate. *See, e.g.*, *MSPA Claims 1, LLC v. Liberty Mut. Ins.*, No. 15-cv-21417-UNGARO, 2015 WL 4511284, at *3 (S.D. Fla. July 22, 2015) (dismissing a duplicative count for declaratory judgment in an MSP case).

Accordingly, the Motion is granted as to Count III.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [8]**, is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. Count III of each of the Amended Complaints is **DISMISSED WITH PREJUDICE**.

    b. The Motions are otherwise denied.

2. Defendant shall file an **ANSWER** to Plaintiff's Amended Complaints **on or before March 27, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**