UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20105-BLOOM/Otazo-Reyes

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

v.

AMERICAN FAMILY CONNECT PROPERTY
AND CASUALTY INSURANCE COMPANY
f/k/a IDS PROPERTY CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff MSP Recovery Claims, Series LLC's Motion to Strike Affirmative Defenses, ECF No. [40] ("Motion"), filed on May 11, 2023. Defendant American Family Connect Property and Casualty Insurance Company filed a Response. ECF No. [42]. Plaintiff did not file a permissive Reply. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This is a dispute arising under the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y(b)(3)(A). According to Plaintiff's Second Amended Complaint, Plaintiff has been assigned the right to recover conditional payments made by a Medicare secondary payer with respect to medical expenses incurred by Medicare beneficiaries, for which Defendant was the

primary payer under the MSPA. ECF No. [31]. Plaintiff seeks to recover those conditional payments, which Defendant should have reimbursed to Plaintiff's assignor. *Id*.

On April 20, 2023, Defendant filed an Answer in which it asserted eleven (11) Affirmative Defenses to Plaintiff's Second Amended Complaint. ECF No. [35]. Plaintiff moves to strike eight of those Affirmative Defenses, Nos. 2, 3, and 5-10. ECF No. [40] at 2.

## II.     LEGAL STANDARD

### A. *Affirmative Defenses*

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

### B. *Motions to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing*

*Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-cv-60537, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.").

### III.  DISCUSSION

Plaintiff moves to strike Affirmative Defenses 2, 3, and 5-10.

#### A.  Defense No. 2 – Fla. Stat. § 627.736(10)

In Defense No. 2, Defendant asserts that "Plaintiff's claims are barred for failure to comply with the pre-suit demand requirements of Florida Statute Section 627.736(10)." ECF No. [35] at 16. Plaintiff argues that this Defense is deficient for failing to specify which pre-suit demand requirements were not met. ECF NO. [40] at 6. Defendant responds that there is a factual dispute as to whether certain pre-suit demand letters exist in the first place. ECF No. [42] at 5. In the absence of those letters, which Plaintiff did not attach to the Second Amended Complaint, Defendant persuasively argues that "Plaintiff cannot demand [that] Defendant articulate each and

every way these phantom letters fail to comply with Section 627.736(10)[.]" *Id*. Plaintiff has not shown that this defense is "insufficient as a matter of law," *Microsoft Corp.*, 211 F.R.D. at 683, and it will not be stricken.

### B. Defense No. 3 – 42 C.F.R. § 422.550

In Defense No. 3, Defendant asserts that Plaintiff's claims are barred by 42 C.F.R. § 422.550 "because Plaintiff failed to enter into a novation agreement that is required to transfer the rights and obligations" from Plaintiff's assignor to Plaintiff. ECF No. [35] at 16. Plaintiff argues that this Defense "is predicated on its mistaken assumption" that Plaintiff assigned its rights "under a Medicare contract." ECF No. [40] at 4 (citing *MSP Recovery, LLC v. Allstate Ins. Co*., 835 F.3d 1351, 1358 (11th Cir. 2016)). In response, Defendant persuasively argues that this Defense is a combination of a factual and legal argument, which is particularly inappropriate for resolution at this juncture because Plaintiff did not attach the relevant assignment agreement to its Second Amended Complaint. ECF No. [42] at 5-6. This Defense "puts into issue relevant and substantial legal and factual questions," *Reyher*, 881 F. Supp. at 576, and it will not be stricken.

### C. Defense No. 5 – *Exhaustion of Benefits*

In Defense No. 5, Defendant asserts that Plaintiff's claims are barred "to the extent that the Medicare enrollee's benefits under the applicable insurance policy were exhausted at the time the subject medical bills were submitted to Defendant." ECF No. [35] at 16. Plaintiff argues that this Defense should be stricken because, rather than alleging specific facts, the Defense is phrased conditionally "to the extent" that such facts exist. ECF No. [40] at 3. In response, Defendant convincingly argues that this Defense is necessarily lacking in specific facts because Plaintiff's Second Amended Complaint does not specify when Plaintiff's assignor made claims for payment against Defendant. ECF No. [42] at 6. This Defense raises a relevant factual dispute and will not

4

be stricken.

### D. Defense No. 6 – Coordination of Benefits

In Defense No. 6, Defendant asserts that "Plaintiff cannot demonstrate that it coordinated benefits and/or determined that Defendant had not made or could not reasonably be expected to make a primary payment[.]" ECF No. [35] at 16. Plaintiff argues that this Defense should be stricken based on *United States v. Baxter Int'l, Inc.*, 345 F.3d 866 (11th Cir. 2003), which held that medical payments are subject to recoupment "regardless of whether another insurer can be expected to render a prompt primary payment." *Id*. at 886. In response, Defendant argues that *Baxter* did not foreclose the possibility that Defendant can avoid liability if it shows that Plaintiff's assignor engaged in "gamesmanship" by making unnecessary payments with the intent to later collect double damages from the primary payer. ECF No. [42] (quoting *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, No. 18-cv-157, 2021 WL 1041662, at *7 n.11 (N.D. Fla. Jan. 7, 2021)). Plaintiff neglected to contest Defendant's argument in a Reply memorandum. The Court concludes that this Defense raises a colorable legal defense such that it should not be stricken. *See Reyher*, 881 F. Supp. at 576.

### E. Defense No. 7 – Failure to Provide Notice

In Defense No. 7, Defendant asserts that "Plaintiff's claims are barred in whole or in part to the extent that Defendant was not timely provided, or was never provided, with notice of the alleged medical bills or payments at issue[.]" ECF No. [35] at 16. Plaintiff repeats its argument that this Defense is deficient due to Defendant's use of the conditional term "to the extent that." ECF No. [40] at 3. Defendant responds that this Defense is necessarily phrased conditionally because Plaintiff's Second Amended Complaint lacks sufficient details for Defendant to determine whether and when the medical bills at issue were properly submitted. ECF No. [42] at 8. For the

same reasons discussed above with respect to Defense No. 5, the Court agrees with Defendant that this Defense raises a relevant factual dispute and will not be stricken.

### F. Defense No. 8 – 42 C.F. R. § 411.22

In Defense No. 8, Defendant asserts that Plaintiff's claims are barred to the extent that Plaintiff and its assignor are not "entities designated to receive payment" under 42 C.F.R. § 411.22, or they failed to serve proper "recovery demand letters" under that same regulation. ECF No. [35] at 16. Plaintiff argues that the substance of this Defense was rejected by the Eleventh Circuit in *MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305 (11th Cir. 2020). ECF No. [40] at 5. Defendant contests Plaintiff's interpretation of *Ace* and its relevance to this Defense. ECF No. [42] at 8. The Court will not resolve the parties' conflicting interpretations of an Eleventh Circuit decision and a federal regulation based on the single paragraph of argument within each of the parties' briefs. This Defense is not "clearly invalid as a matter of law," *Microsoft Corp.*, 211 F.R.D. at 683, and it will not be stricken.

### G. Defense No. 9 – Conditions Precedent

In Defense No. 9, Defendant asserts that "Plaintiff's claims are barred in whole or in part by Plaintiff's failure to comply with (or show compliance with) conditions precedent to suit under the operative insurance contract and Medicare Secondary Payer Act." ECF No. [35] at 17. Plaintiff argues that this Defense is deficient for failing to specify the condition precedents that have not been met. ECF No. [40] at 6. Defendant responds with *MSP Recovery, LLC v. Allstate Ins. Co*, 835 F.3d 1351 (11th Cir. 2016), wherein the Eleventh Circuit stated that defendants in an MSPA case may "assert any valid contract defense in arguing against their liability." *Id*. at 1361. Defendant further argues that it has asserted a valid contractual defense as to its liability with regard to beneficiaries' medical payments. ECF No. [42] at 9. Plaintiff has neglected to argue

otherwise in a Reply, and it has failed to meet the "extremely high" standard of showing that this Affirmative Defense should be stricken. *Gen. Defense Corp.*, 2008 WL 11417688 at *2 (quotation marks omitted).

### H.  Defense No. 10 – Claim Preclusion and Res Judicata

In Defense No. 10, Defendant asserts: "To the extent these claims are not time barred because the doctrine of tolling applies, *see* ¶ 120 of Second Amended Complaint, then these claims are barred by the doctrine of claim preclusion/ res judicata."  ECF No. [35] at 17. Plaintiff argues that this Defense "fails to articulate which alleged facts support claim preclusion as applied to the claim at issue in this lawsuit." ECF No. [40] at 3. In response, Defendant explains that Plaintiff alleges in paragraph 120 of its Second Amended Complaint that Plaintiff's claims are "tolled as a matter of law by the pendency of various class actions, as to which MSP Recovery's assignor was a putative class member, alleging MSP Act violations." ECF No. [42] at 9. In this Defense, Defendant raises the possibility of collateral estoppel arguments stemming from the "various class actions" referenced by Plaintiff in its Second Amended Complaint. *Id*. Again, Defendant has put at issue a relevant legal issue, and Plaintiff has failed to meet the "extremely high" standard of showing that this Affirmative Defense should be stricken. *Gen. Defense Corp.*, 2008 WL 11417688 at *2 (quotation marks omitted).

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [40]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record