UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20105-BLOOM/Otazo-Reyes**

MSP RECOVERY CLAIMS, SERIES LLC,

      Plaintiff,

v.

AMERICAN FAMILY CONNECT PROPERTY
AND CASUALTY INSURANCE COMPANY
f/k/a IDS PROPERTY CASUALTY INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S DISCOVERY OBJECTIONS

**THIS CAUSE** is before the Court upon Plaintiff MSP Recovery Claims, Series LLC's

Appeal of Magistrate Judge Otazo-Reyes's Discovery Order Dated June 22, 2023, ECF No. [52]

("Objections"). Defendant American Family Connect Property and Casualty Insurance Company

filed a Response in Opposition, ECF No. [53], to which Plaintiff filed a Reply. ECF No. [55]. The

Court has carefully reviewed the Magistrate Judge's Order, ECF No. [49] ("Order"), the

Objections, the Response, the Reply, the record in this case, the applicable law, and is otherwise

fully advised. For the reasons that follow, the Objections are sustained in part and overruled in

part.

## I.    BACKGROUND

This case arises under the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C.

§ 1395y(b)(3)(A). ECF No. [31] (Second Amended Complaint). Plaintiff alleges that it has been

assigned the right to recover conditional payments with respect to medical expenses incurred by

four Medicare beneficiaries, for which Defendant was the primary payer. ECF No. [31] ¶ 5.

At issue in the Objections are two discovery rulings issued by Judge Otazo-Reyes on June 22, 2023. *See* ECF No. [49]. Both rulings relate to a Claims Assignment Agreement ("Assignment Agreement") in which a Medicare Advantage Organization ("Assignor"), whose identity is to remain confidential pursuant to the Assignment Agreement, assigned to Plaintiff all rights to recover payments made on behalf of its members/enrollees. *See* ECF No. [31] ¶ 114. Plaintiff asserts that the claims relating to the four Medicare beneficiaries in this case were included in that Assignment Agreement. *Id*. ¶ 15.

Defendant sought to discover (a) all communications between Plaintiff and the Assignor regarding the Assignment Agreement, and (b) a carve-out list containing claims excluded from the Assignment Agreement. Plaintiff objected to producing those documents, arguing that they were irrelevant and disproportionate to the needs of this case. Judge Otazo-Reyes overruled Plaintiff's objections. ECF No. [49].

In its Objections, Plaintiff argues that Judge Otazo-Reyes erred because the communications and carve-out list are not relevant to this dispute, and their production is not proportional to the needs of this case. ECF No. [52]. Defendant responds that the requested documents are necessary for Defendant to contest Plaintiff's assertion that the Assignment Agreement conferred upon Plaintiff the legal right to pursue the four claims at issue in this case. ECF No. [53].

## II.   LEGAL STANDARD

### A.  Review of Magistrate Judge's Discovery Decisions

A district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly

erroneous or contrary to law"). A decision is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "'In the absence of a legal error, a district court may reverse only if there was an "abuse of discretion" by the magistrate judge.'" *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015) (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

**B. The Scope of Discovery**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" "While the threshold for showing relevance is relatively low, the proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." *Cardenas v. Toyota Motor Corp.*, No. 18-cv-22798, 2020 WL 5291936, at *1 (S.D. Fla. Sept. 3, 2020) (alteration in the original; quotation marks omitted). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Regarding proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### III.     DISCUSSION

### A.  Communications Between Plaintiff and Its Assignor

In Defendant's Request for Production No. 6, Defendant requested production of "[a]ll communications to or from Plaintiff regarding the assignment agreement[.]" ECF No. [52-2] at 7. Plaintiff objected that Defendant's request was overly broad and sought documents that are irrelevant and disproportionate to the needs of the case. *Id*. Judge Otazo-Reyes ordered Plaintiff to produce the requested communications. ECF No. [49] at 2.

In its Objections, Plaintiff asserts that Defendant is "attempt[ing] to embark upon a fishing expedition into emails and other communications . . . that are not relevant to any issue in the case" and Defendant's request "is solely designed to harass, annoy, burden and oppress [Plaintiff] and its assignor." ECF No. [52] at 5-6. Plaintiff requests that the Court overrule Judge Otazo-Reyes' order or alternatively limit the scope of communications that Plaintiff must produce.

Defendant responds that the communications between Plaintiff and the Assignor are relevant to the validity and scope of the Assignment Agreement. ECF No. [53] at 3. Defendant argues that the communications will help clarify two vague and undefined terms within the Assignment Agreement.

The Court agrees with Judge Otazo-Reyes that the communications between Plaintiff and its Assignor "are not irrelevant, given that there's a dispute as to the validity of the assignment." ECF No. [53-1] at 32. In raising the issue of the Assignment Agreement's validity and indicating that at least one relevant term is ambiguous and might be defined through the requested communications, Defendant has established the "relatively low" threshold of "proving that the information sought is relevant." *Cardenas*, 2020 WL 5291936, at *1.

However, Judge Otazo-Reyes did not address whether requiring "[a]ll communications to or from Plaintiff regarding the assignment agreement" is proportional to the needs of this case. ECF No. [52-2] at 7. When addressing proportionality, Federal Rule of Civil Procedure 26(b)(1) requires the Court to consider the "amount in controversy." Fed. R. Civ. P. 26(b)(1). In this case, the amount of controversy is low. The four payments that form the basis of this dispute are for $1,979.76, $3,690.00, $844.15, and $3,015.75. ECF No. [31] ¶¶ 32, 55, 75, 97. Even assuming that Plaintiff is entitled to collect double damages, as Plaintiff claims, *id.* ¶ 112, the amount in controversy in this case appears to be less than $20,000.

Rule 26(b)(1) also requires the Court to consider "whether the burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(1). Defendant's only argument as to the benefit of the communications is that they could help clarify two ambiguous terms within the Assignment Agreement: "Responsible Parties" and "mutually agreed." ECF No. [53] at 3. In Reply, Plaintiff accurately points out that "Responsible Parties" is defined on the first page of the Assignment Agreement, so that term is not ambiguous. ECF No. [55] at 2.

Plaintiff does not respond to Defendant's argument regarding the "mutually agreed" term. The Assignment Agreement states that the assignment "does not include . . . the right to pursue recoveries in respect of the Claims except as mutually agreed[.]" ECF No. [52-4] at 3. The Court agrees with Defendant that the Assignment Agreement "does not explain what was 'mutually agreed' between the parties to not be included in the assignment." ECF No. [53] at 4. It is conceivable that the parties "mutually agreed" to exempt the claims of the four Medicare beneficiaries at issue in this case, or that they "mutually agreed" to exempt a broader set of claims that includes those four. Communications that address the parties' "mutual agree[ment]" as to the Assignment Agreement's scope will have a direct bearing on Plaintiff's standing to pursue

payments related to the four Medicare beneficiaries. However, given that the Assignment Agreement covers innumerable additional claims not relevant to this dispute, requiring Plaintiff to produce *all* communications related to the Assignment Agreement would impose a substantial "burden or expense" on Plaintiff that is not outweighed by the likely benefit of that discovery to this case. Fed. R. Civ. P. 26(b)(1).

Accordingly, while Plaintiff has not demonstrated that Judge Otazo-Reyes committed clear error in ordering Plaintiff to produce communications in response to Defendant's Request for Production No. 6 ("RFP 6"), Plaintiff's Objections are sustained in part as to Plaintiff's request for clarification. The Court limits the scope of the communications that Plaintiff must provide in response to RFP 6 to: (a) all communications explicitly referring to any of the four Medicare beneficiaries at issue in this case, and (b) all communications regarding categories or types of claims that Plaintiff and the Assignor "mutually agreed" to exclude from the Assignment Agreement.

**B.  Carve-Out List**

Plaintiff's second objection relates to a "carve-out" list that exempts specific claims from the Assignment Agreement. The "carve-out" list at issue contains 100,859 entries containing information subject to protection under the Health Insurance Portability and Accountability Act ("HIPAA"). ECF No. [52] at 7. Plaintiff argues that the only possible relevance of the "carve-out" list is if it contains the names of the four Medicare beneficiaries at issue in this case. Plaintiff consents to Defendant *inspecting* the carve-out list but argues that *transmitting* the full list to Defendant is unnecessary and disproportionate to the needs of this case.

Defendant responds that Plaintiff waived its objection to producing the carve-out list because, in response to Defendant's Request for Production No. 7, Plaintiff agreed to produce "any

carveout list relevant" to the Assignment Agreement. ECF No. [53] at 4. Defendant further argues Plaintiff's HIPAA concerns are obviated by the Protective Order in place in this case.

The Court rejects Defendant's procedural argument that Plaintiff waived its objection by informing Defendant that it would agree to inspection but not transmission of the carve-out list. Plaintiff has not objected to producing the carve-out list, but rather objects to Defendant's preferred form and manner of production. Defendant has not asserted that it requested a specific form of production that would have required Plaintiff to object to that form under Federal Rule of Civil Procedure 34.

Nonetheless, Plaintiff has failed to show that Judge Otazo-Reyes' decision was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The carve-out list is certainly relevant since the four Medicare beneficiaries' presence on that list would deprive Plaintiff of standing. Moreover, Plaintiff has failed to show that production of the list is disproportionate to the needs of the case. At the hearing before Judge Otazo-Reyes, Plaintiff's counsel represented that the carve-out list is an Excel document and could be transmitted in a password-protected manner consistent with the protective order in this case. ECF NO. [53-1] at 34-35. There is no apparent burden on Plaintiff to transmitting the carve-out list to Defendant, and Plaintiff has not demonstrated that the protective order is insufficient to protect the confidential information at issue. Thus, Plaintiff's objection as to the carve-out list is overruled.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Objections, **ECF No. [52]**, are **SUSTAINED IN PART AND OVVERRULED IN PART**, as stated herein.

Case No. 23-cv-20105-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record